No. 1391. Lewis Steward v. Annie H. Miller. Assumpsit by appellee against appellant on a promissory note executed by the latter to the former, resulting in a verdict and judgment for $2,968.33. The plea stricken from the files was, in substance, a plea of want of consideration, and all the testimony admissible under it was also admissible under the plea the note was executed without any good or valuable consideration, filed the preceding January, and upon which issue had been taken. The action of the court was right; the plea was useless and incumbered the record. There was no error in

overruling the motion for a continuance; the affidavits upon which it was based. were insufficient and showed no just and adequate grounds for the postponement of the trial. In relation to the absent witnesses, Pierson and Lull, it may be remarked that all the statements contained in the several affidavits may be true, and it yet be a fact that appellant well knew from the time suit was instituted, in May, 1883, not only the place of residence of said witnesses but also that he could prove by them most, if not all, of the material matters mentioned in the affidavits, without taking any steps to secure their attendance or their depositions. Some statements are made in the affidavits respecting the equitable ownership of the moneys secured by the note. That instrument is the individual contract of appellant, executed by him to appellee; the sum mentioned therein is payable to her, and any suit for its recovery must be prosecuted by her, or in her name. If there is any just claim that the beneficiary interest in the proceeds of the note is vested in the estate of Margaret Eldridge, deceased, that fact will be ascertained and proper adjudication thereof had in the citation proceedings commenced in the county court, and now pending, on appeal, in the circuit court. The application for leave to file, by the next morning, further and additional affidavits in support of the motion for a continuance, was addressed to the discretion of the court below, and its decision thereof is not the subject of review in this court. McBain v. Enloe, 13 Ill. 76. It is assigned as error that the court tried the case with the second, third and fourth pleas unanswered. There is nothing in the point. Replications were on file traversing the material allegations of each of said pleas. It is not requisite that a replication should specifically deny each and every particular fact stated in a plea, when all the facts so stated constitute but one ground of defense; in such case the plaintiff may deny collectively or in general terms. Holland v. Kibbe, 16 Ill. 133. Finding no errors that are well assigned, the judgment is affirmed. Opinion by BAKER, J. Judge below, CHAS. KELLUM. Attorney for appellant, Mr. RANDALL CASSEM; for appellee, Mr. A. J. HOPKINS, Mr. N. J. ALDRICH and Mr. F. H. THATCHER. Opinion filed Dec. 4, 1885.